**YEN PILCH KOMADINA & FLEMMING, P.C.**
State Bar No. 00407400
Robert E. Yen, SBA No. 007236, *yen@ypklaw.com*
Caroline A. Pilch, SBA No. 011041, *pilch@ypklaw.com*
6017 N 15th St
Phoenix, Arizona 85014
(602) 241-0474
Attorneys for Plaintiff Chad Ufheil

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Chad Ufheil,<br><br>        Plaintiff,<br><br>v.<br><br>Carrabba's Italian Grill, LLC, a Florida limited liability company; OS Restaurant Services, Inc., a Delaware corporation,<br><br>        Defendants. | No.<br><br>**COMPLAINT**<br><br>(Breach of Contract; Failure to Pay Wages; Breach of the Duty of Good Faith and Fair Dealing) |

Plaintiff, Chad Ufheil, alleges:

### JURISDICTION, VENUE, PARTIES

1. Plaintiff, Chad Ufheil is, and at all times relevant hereto, was a resident of the State of Arizona, County of Maricopa.

2. Defendant Carrabba's Italian Grill, LLC is a Florida limited liability company, and all times relevant hereto, doing business in the State of Arizona, County of Maricopa.

3. Defendant OS Restaurant Services, Inc., is a Delaware corporation, and at all times relevant hereto, doing business in the State of Arizona, County of Maricopa.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. The amount in controversy, exclusive of interest and costs, exceeds the minimum

1  jurisdictional amount.

2      5.    Venue is proper pursuant to 28 U.S.C. § 1391(a)(2).

3  **ALLEGATIONS COMMON TO ALL COUNTS**

4      6.    On or about September 3, 2008, Plaintiff, Chad Ufheil, entered into an Employment Agreement and Addendum thereto (collectively, "Employment Agreement") with Defendants Carrabba's Italian Grill, LLC, (hereinafter "Company") and OS Restaurant Services, Inc., (hereinafter "Employer").

8      7.    Pursuant to the terms of that Employment Agreement, Company and Employer agreed to employ Plaintiff as the proprietor of a Carrabba's Italian Grill Restaurant located at 1740 S. Clearview Avenue, Mesa, Arizona.

11     8.    Pursuant to the terms of that Employment Agreement, Company and Employer agreed to employ Plaintiff at a base salary of $50,000 per annum effective August 1, 2008, for a term of no less than sixty months.

14     9.    Under the Employment Agreement, Plaintiff was also earning contract bonuses equal to approximately $3,500 per month, so that his annual base salary and bonuses amounted to approximately $92,000 per year.

17     10.    In addition to being an employee of the Company and Employer, Plaintiff was also a limited partner under a separate Partnership Agreement with Company and Employer.

20     11.    As a limited partner, Plaintiff would have been entitled at the end of his five year employment term, to a vested interest of more than $100,000.

22     12.    By letter dated July 9, 2010, Employer and Company notified Plaintiff that his employment and limited partnership had been terminated on May 22, 2010.

24     13.    Employer and Company wrongfully terminated Plaintiff's employment.

25     14.    As of the date of Plaintiff's termination on May 22, 2010, Plaintiff's sixty month term of employment had not expired and was not scheduled to expire until on or

1  about September 2, 2013.

2      15.    As of the date of Plaintiff's termination on May 22, 2010, Plaintiff had approximately 40 months remaining on his initial term of employment.

    16.    If Employer and Company had not terminated Plaintiff's employment in breach of their Employment Agreement, Plaintiff would have earned approximately $306,666.67 through the remaining 40 months of his Employment Agreement, *i.e.,* $4,166.66 per month base salary + $3,500 monthly bonuses = $7,666.66 x 40 months.

    17.    If Employer and Company had not terminated Plaintiff's employment in breach of their Employment Agreement, Plaintiff would have been entitled at the end of his 60 month employment term to a vested interest of more than $100,000 as a limited partner.

    18.    The amounts owed to Plaintiff are liquidated amounts such that Plaintiff is entitled to recover pre-judgment interest on the amounts due him under the Employment and Partnership Agreements.

    19.    Although Plaintiff has made demand on Defendants to pay such sums, Defendants have failed and refused to do so.

### COUNT ONE – BREACH OF CONTRACT

    20.    Employer and Company breached the Employment Agreement.

    21.    Such breach has caused harm to Plaintiff as set forth in paragraphs 1 through 19 above.

    22.    Plaintiff is entitled to recover costs and attorneys fees caused by Defendants' breach of their Employment and Partnership Agreements pursuant to A.R.S. § 12-341.01.

### COUNT TWO – BREACH OF GOOD FAITH AND FAIR DEALING

    23.    Plaintiff incorporates all allegations set out previously in his complaint.

    24.    Every contract contains a covenant of good faith and fair dealing.

25. Employer and Company breached this duty by terminating Plaintiff's employment in violation of their Employment and Agreement and in refusing to pay Plaintiff sums owed to him under the Employment and Partnership Agreement.

26. Plaintiff has been damaged as set forth above.

27. Defendants' failure and refusal to pay the demanded sums is a breach of the duty of good faith and fair dealing implied in every agreement.

## COUNT THREE – FAILURE TO PAY WAGES

28. The salary and bonuses to which Plaintiff is entitled under the Agreements are wages under A.R.S. § 23-350, *et. seq.*

29. Because of Defendants' failure and refusal to pay such wages, Plaintiff is entitled to treble the amount of his unpaid wages under A.R.S. § 23-355, *et. seq.*

WHEREFORE, Plaintiff, Chad Ufheil respectfully requests this Court:

A. Enter judgment in favor of Plaintiff and against each of the Defendants in an amount to be determined at the time of trial;

B. Award Plaintiff pre-judgment interest on the amounts due Plaintiff under the Employment and Partnership Agreements from the date they were due until paid;

C. Award Plaintiff treble the amount of his unpaid wages pursuant to A.R.S. § 23-350, et seq.

D. Award Plaintiff his costs and reasonable attorney's fees incurred in connection with Defendants' breach of the Employment and Partnership Agreements;

//

//

4

1  E.  Award Plaintiff such other and further relief as the Court may deem just and
2  appropriate.
3  DATED this 5th day of April, 2011.
4  YEN PILCH KOMADINA & FLEMMING, P.C.

   By   s/Robert E. Yen
6       Robert E. Yen
        Caroline A. Pilch
7       6017 North 15th St
        Phoenix, Arizona 85014
8       Attorneys for Plaintiff

10  S:\Active\Ufheil, Chad\Pleadings\Complaint.wpd