**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chad Ufheil,<br><br>            Plaintiff,<br><br>vs.<br><br>Carrabba's Italian Grill, LLC, a Florida limited liability company; and OS Restaurant Services, Inc., a Delaware corporation,<br><br>            Defendants. | No. CV-11-0659-PHX-DGC<br><br>**ORDER** |

    In September 2008, Plaintiff Chad Ufheil and Defendants Carrabba's Italian Grill, LLC and OS Restaurant Services, Inc. entered into an employment agreement and addendum thereto ("the Agreement"). Pursuant to the terms of the Agreement, Defendants agreed to employ Plaintiff as the proprietor of a Carrabba's restaurant located in Mesa, Arizona for a period of not less than five years effective August 1, 2008. Doc. 1 ¶¶ 6-8. Less than two years later, Plaintiff received a letter from Defendants informing him that his employment and limited partnership had been terminated effective May 22, 2010. *Id.* at ¶ 12. One year later, Plaintiff filed suit in this Court asserting claims for breach of contract, breach of the covenant of good faith and fair dealing, and failure to pay wages. *Id.* ¶¶ 20-29.

    The Agreement contains the following forum selection clause: "Employee hereby agrees that any action brought by Employee . . . against the Employer, the Company, or

any of their affiliates, whether arising out of this Agreement or otherwise, shall be brought exclusively in the United States District Court for the Middle District of Florida, Tampa Division, or in the Circuit Court in and for Hillsborough County, Florida." Doc. 10-1 at 12, ¶ 27. Defendants have filed a motion to dismiss for improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure. Doc. 10. The motion is fully briefed. Docs. 13, 17. For reasons that follow, the motion will be granted.[1]

## I. Legal Standard.

A motion to enforce a forum selection clause is to be brought as a motion to dismiss for improper venue under Rule 12(b)(3). *Kukje Hwajae Ins. Co. v. M/V Hyundai Liberty*, 408 F.3d 1250, 1254 (9th Cir. 2005). Federal law governs the validity of a forum selection clause. *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 325 (9th Cir.1996). Substantively speaking, "forum selection clauses are prima facie valid and should not be set aside unless the party challenging enforcement of such a provision can show it is 'unreasonable under the circumstances.'" *Id.* (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972)). In *Bremen*, the Supreme Court identified three circumstances where enforcement of a forum selection clause would be unreasonable: the clause was the product of fraud or overreaching, enforcement would deprive a party of his day in court, or enforcement would contravene a strong policy of the forum where the suit was brought. 407 U.S. at 12-18; *see Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2004).

## II. Analysis.

Plaintiff argues that the forum selection clause should be declared invalid because Defendants were in a position of "overweening" bargaining power, requiring Plaintiff and witnesses to litigate in Florida would be inconvenient, Arizona has a strong interest in protecting employees, and Plaintiff would be unable to seek certain damages for unpaid

---

[1] Defendants' request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

wages and attorneys' fees in Florida. Doc. 13.

**A.    Bargaining Power.**

Plaintiff concedes that the forum selection clause was secured through no fraud on the part of Defendants, but nonetheless asserts that "Carrabba's was certainly in a position of 'overweening' bargaining power to the point where the forum selection clause was never a subject up for negotiation." Doc. 13 at 4. In support of this assertion, Plaintiff notes that he is an individual who lives and works in Arizona, while Carrabba's is a national chain which operates scores of restaurants throughout the United States. Doc. 13 at 4:17-19. Although the Court recognizes a disparity in bargaining power in this case, such disparity is not sufficient to be characterized as "overweening."

In *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585 (1991), the Supreme Court enforced a standard-form forum selection clause in a commercial cruise line ticket despite a recognizable disparity in bargaining power between the Washington residents and the Florida-based cruise line. In finding the forum selection clause valid and enforceable, the Supreme Court reasoned that a company has a "special interest in limiting the fora in which it could potentially be subject to suit," that "a clause establishing *ex ante* the forum for dispute resolution has the salutary effect of dispelling any confusion about where suits arising from the contract must be brought and defended," and that all parties who enter into contracts containing forum selection clauses benefit from reduced costs. 499 U.S. at 593-594. The Supreme Court also found no indication that the company chose Florida as the forum in which disputes were to be resolved as a means of discouraging cruise passengers from pursuing legitimate claims. *Id.* at 595.

Applying the Supreme Court's reasoning to this case, the Court finds that Plaintiff has failed to establish overweening bargaining power sufficient to invalidate the forum selection clause. As a national chain with its principal place of business in Florida, Carrabba's has a legitimate interest in limiting the fora in which it could be subject to suit, thus allowing it to minimize litigation expenses and conserve judicial resources.

### B. Inconvenience.

Plaintiff claims that if he were "required to litigate his Arizona wage contract rights in Florida, it will certainly be inconvenient for him and for virtually all of the witnesses." Doc. 13 at 4-5. Specifically, he asserts that the Agreement was executed in Arizona, the restaurant that was the subject of the Agreement is located in Arizona, and nearly all witnesses that can attest to the manner in which Plaintiff operated the restaurant are in Arizona. *Id.* at 5. Although Plaintiff has identified inconveniences, he has not met the "heavy burden of showing that trial in the chosen forum would be so difficult and inconvenient that [he] would effectively be denied a meaningful day in court." *Argueta*, 87 F.3d at 325.

### C. Arizona's Public Policy and Damages.

Plaintiff argues that the forum selection clause should be set aside because Arizona has demonstrated a "strong public policy respecting employees," as evidenced by A.R.S. § 23-1501 and § 23-355(A). Doc. 13 at 6. The Court finds these statutes insufficient to support setting aside the forum selection clause in the parties' Agreement. Section 23-1501 merely provides for the nature of employment relationships, the basic severability requirements of those relationships, and the grounds upon which an employee has a claim against an employer for termination of employment.

Citing A.R.S. § 23-355(A), Plaintiff asserts that the Arizona legislature has "determined that the prompt and timely performance of employment contracts and the payment of wages to Arizona residents is of such importance that penalties may be imposed for failure of an employer to do so." Doc. 13 at 7. Specifically, § 23-355(A) provides that if an employer "fails to pay wages due any employee, the employee may recover in a civil action against an employer or former employer an amount that is treble the amount of unpaid wages." Defendants correctly assert that this treble damages provision has been construed by the Ninth Circuit to be available only where a "suit was for wages already performed." *Nieto-Santos v. Fletcher Farms*, 743 F.2d 638, 642 (9th

Cir. 1984). Given that Plaintiff's complaint appears to seek damages for work not yet completed, the treble damages provision is not applicable to this case and enforcement of the forum selection clause will not prevent Plaintiff from receiving a fair damage award.

Moreover, because the Agreement in this case contains a Florida choice of law provision (Doc. 10-1 at 12, ¶ 26), it is not clear that Plaintiff would be able to seek treble damages pursuant to Arizona law even if the case were litigated in this Court. By signing the Agreement, Plaintiff effectively waived his right to have Arizona law govern his claim for failure to pay wages.[2]

Citing *Sawyer v. Bill Me Later, Inc.*, No. CV 10-04461 SJO (JCGx), 2010 WL 5289537 (C.D. Cal. Oct. 4, 2010), Plaintiff contends that because the Agreement contains both a forum selection clause and a choice of law provision applying Florida law, "the transfer of this case to Florida would contravene Arizona's important and unique public policies designed to protect its citizens from either foreign or domestic employers who fail or refuse to pay wages." Doc. 13 at 9. *Sawyer* is not binding on this Court and otherwise is distinguishable because it concerns public policy specific to California. Plaintiff has identified no analogous violation of public policy here. *See Sawyer*, 2010 WL 5289537, at *6 (where a forum selection clause is bound together with a choice of law clause the former is unenforceable "if the two clauses work together to violate a strong California public policy").

**III. Conclusion.**

Plaintiff ultimately bears the burden of showing that venue is proper in this District. *See Kelly v. Qualitest Pharm., Inc.*, No. CIV-F-06-116 AWI LJO, 2006 WL 2536627, at *7 (E.D. Cal. Aug. 31, 2006) (citing *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979)). The Agreement entered into by the parties provides that Florida courts shall be the exclusive venue for all disputes between

---

[2] Defendants correctly note (Doc. 17 at 8) that Florida law provides a statutory basis for employees to recover reasonable attorney fees incurred in action for unpaid wages. *See* Fla. Stat. § 448.08 (2010).

the parties. Doc. 10-1 at 12, ¶ 27. That provision is presumed valid and enforceable. *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1083 (9th Cir. 2009). Plaintiff has not carried his "heavy burden" of showing that enforcement of the provision would be unreasonable. *Bremen*, 407 U.S. at 17. The Court will grant Defendants' motion and dismiss this action for improper venue.

**IT IS ORDERED:**

1. Defendant's motion to dismiss for improper venue (Doc. 10) is **granted**.
2. The alternative motion to transfer is **denied** as moot.
3. The Clerk is directed to **terminate** this action.

Dated this 22nd day of August, 2011.

_____
David G. Campbell
United States District Judge