**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chad Ufheil, <br><br> Plaintiff, <br><br> vs. <br><br> Carrabba's Italian Grill, LLC, a Florida limited liability company; OS Restaurant Services, Inc., a Delaware corporation, <br><br> Defendants. | No. CV11-0659-PHX-DGC <br><br> **ORDER** |

Defendants Carrabba's Italian Grill, LLC and OS Restaurant Services, Inc. filed a motion for attorneys' fees and non-taxable costs pursuant to Fed. R. Civ. P. 54(d)(2) and LRCiv 54.2(b)(1). Doc. 20. Defendants have since withdrawn their request for non-taxable expenses. Doc. 21, at 2, n.1. The motion has been fully briefed. Docs. 20, 21, 23, 26. No party has requested oral argument. For the reasons below, the Court will deny the motion.

**I.  Background.**

In September 2008, Plaintiff Chad Ufheil and Defendants entered into an employment agreement ("the Agreement"). Pursuant to the terms of the Agreement, Defendants agreed to employ Plaintiff as the proprietor of a Carrabba's restaurant located in Mesa, Arizona for a period of not less than five years effective August 1, 2008. Doc. 1, ¶¶ 6-8. Less than two years later, Plaintiff received a letter from Defendants informing him that his employment and limited partnership had been terminated effective

May 22, 2010. *Id.* at ¶ 12. One year later, Plaintiff filed a suit in this Court asserting claims for breach of contract, breach of the covenant of good faith and fair dealing, and failure to pay wages. *Id.* at ¶¶ 20-29.

The Agreement contained the following forum selection clause: "Employee hereby agrees that any action brought by Employee . . . against the Employer, the Company, or any of their affiliates, whether arising out of this Agreement or otherwise, shall be brought exclusively in the United States District Court for the Middle District of Florida, Tampa Division, or in the Circuit Court in and for Hillsborough County, Florida." Doc. 10-1, at 12, ¶ 27. On May 11, 2011, Defendants filed a motion to dismiss for improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure. Doc. 10. On August 22, 2011, the Court granted Defendants' motion and dismissed the action for improper venue. Doc. 18. Defendants now seek an award of attorneys' fees pursuant to Fla. Stat. § 448.08 (2010). Doc. 20, 21.

**II.  Legal Standard.**

Fla. Stat. § 448.08 provides: "The court may award to the prevailing party in an action for unpaid wages costs of the action and a reasonable attorney's fee." This statute authorizes, but does not require, an award of attorneys' fees for the prevailing party in an action for unpaid wages. *Williams v. Florida Memorial College*, 453 So. 2d 541, 542 (Fla. App. 1984).

**III.  Discussion.**

Plaintiff argues that Defendants are not entitled to attorneys' fees because they are not the "prevailing party" on any substantive claim, that they did not prevail on a claim for "unpaid wages" and § 488.08 is therefore inapplicable, and that an award of attorneys' fees would have a significant chilling effect on other Arizona employees in similar situations. Doc. 23. Alternatively, Plaintiff argues that Defendants' requested fees are unreasonable. Doc. 23, at 5-6.

**A.  Applicability of § 488.08.**

Section 448.08 applies to this dispute because Plaintiff made a claim for unpaid

wages. Count Three of Plaintiff's complaint alleges that, "[b]ecause of Defendants' failure and refusal to pay . . . wages, Plaintiff is entitled to treble the amount of his unpaid wages . . . ." Doc. 1, at 4. Plaintiff now labels Count Three as a request for "statutory treble damages for Defendants' breach of the employment agreement," and argues that § 488.08 does not permit a fee award for "contract or statutory claims." Doc. 23, at 3.

In *McGregor v. Board of County Commissoners*, the Florida district court looked to the substance of the plaintiff's claim and determined that an application of § 448.08 was appropriate. *McGregor v. Bd. of Cnty. Comm'rs*, 130 F.R.D. 464, 468 (S.D. Fla. 1990) ("This count was labeled by the plaintiff as a breach of employment claim. However, the allegations . . . explicitly request an award of monetary compensation allegedly owed to the plaintiff under his contract with the County. . . . [I]t is apparent that the defendant is correct in labeling [the count] as an action within the purview of Fla. Stat. § 488.08."). As in *McGregor*, Plaintiff explicitly requested an award of monetary compensation. He expressly argues in his complaint that the "salary and bonuses to which Plaintiff is entitled under the Agreements are wages under A.R.S. § 23-350, *et. seq.*" Doc. 1, at 4.

Plaintiff incorrectly based his claim on a treble damages provision that did not apply because he sought damages for work not yet completed. *See* Doc. 18, at 4 ("Defendants correctly assert that [A.R.S.§ 23-355] has been construed by the Ninth Circuit to be available only where a 'suit was for wages already performed.'") (citing *Nieto-Santos v. Fletcher Farms*, 743 F.2d 638, 642 (9th Cir. 1984)). The Court agrees with Defendants that what matters for applying § 488.08 is not whether Plaintiff was correct on his claim for unpaid wages, but that Plaintiff sought unpaid wages. *See* Doc. 26, at 5. The Court concludes that § 488.08 applies because Plaintiff's complaint sought unpaid wages, albeit under the incorrect statutory provision.

**B. Prevailing Party.**

Plaintiff argues that Defendants are not the prevailing party on any substantive claim. Doc. 23, at 2-3. The Court agrees. The Court dismissed Plaintiff's action for

| | |
|---|---|
| 1 | improper venue without ruling on the substantive merits of Plaintiff's claim. Doc. 18, |
| 2 | at 6. Plaintiff cites *Orange Blossom Enterprises, Inc. v. Brumlik*, 430 So. 2d 13 (Fla. |
| 3 | App. 1983), in which the Florida district court denied a motion for attorneys' fees, noting |
| 4 | that "[b]ecause the decision involves only the question of venue, there has been no |
| 5 | determination yet on who is the prevailing party on the merits, so any award of attorney's |
| 6 | fees will have to await the final outcome of the case." *Brumlik*, 430 So. 2d at 15. |
| 7 | Defendants attempt to distinguish *Brumlik* on the ground that it involved a fee-shifting |
| 8 | provision in the parties' contract rather than § 488.08. Doc. 26, at 2. The Court finds, |
| 9 | however, that the contractual fee-shifting provision at issue in *Brumlik* is substantially |
| 10 | similar to the statutory fee-shifting provision at issue here. The contractual fee-shifting |
| 11 | provision in *Brumlik* provided that "[i]f there is any litigation arising hereunder, the |
| 12 | prevailing party shall be entitled to recover . . . attorney's fees." *Brumlik*, 430 So. 2d |
| 13 | at 15. Similarly, § 488.08 permits courts to award attorneys' fees to a "prevailing party." |
| 14 | Fla. Stat. § 448.08. The Court therefore applies the reasoning in *Brumlik* and concludes |
| 15 | that Defendants are not a prevailing party under § 488.08 because the action in this Court |
| 16 | concluded with dismissal for improper venue. |

The Court acknowledges Defendants' argument that the Court's August 22, 2011 order (Doc. 18) granting Defendants' motion to dismiss establishes the final outcome of Plaintiff's action before this Court. Doc. 26, at 2. This finality occurred as a result of a jurisdictional determination, not a determination on the merits of Plaintiff's claims. Plaintiff may still litigate his claims in the appropriate venue pursuant to the parties' forum selection clause (Doc. 23, at 4), and the parties may move for attorneys' fees in that court.

The Court declines to award attorneys' because Defendants are not a prevailing party under § 488.08. The Court therefore will not address the reasonableness of Defendants' requested fees.

**IT IS ORDERED:**

Defendants' motion for attorneys' fees (Doc. 20) is **denied**.

Dated this 3rd day of January, 2012.

_____
David G. Campbell
United States District Judge